UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

WINDY LUCIUS,

     Plaintiff,

v.

DS RESTAURANT ASSOCIATES LLC
d/b/a WOLFGANG PUCK BAR & GRILL
and COMPASS GROUP USA, INC.

     Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Windy Lucius ("Plaintiff") hereby sues Defendant DS Restaurant Associates LLC doing business as Wolfgang Puck Bar & Grill and Defendant Compass Group USA, Inc. for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1.     Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendants' violations of

Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also* 28 U.S.C. § 2201 and § 2202.

3.     Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.     Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide her a window into the world that he would not otherwise have. She brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5.     Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights. As such, she

monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.      Defendant DS Restaurant Associates LLC (also referenced as "Defendant DS Restaurant" or collectively with Defendant Compass Group USA, Inc. as "Defendants") is a foreign limited liability company authorized to transact business in Florida which is a restaurant branded as a Wolfgang Puck restaurant. Wolfgang Puck restaurants are located throughout California, Hawaii, New York, in Las Vegas Nevada, and in various countries such as Bahrain, Japan, Singapore, Shanghai, and Qatar. There are two Wolfgang Puck restaurants operating in Florida which are the "Wolfgang Puck Kitchen + Bar" located at 3003 Brownwood Boulevard, The Villages, Florida 32163[1], and the "Wolfgang Puck Bar & Grill" located at 1514 East Buena Vista Drive, Buena Vista, Florida 32831 (which is the subject of this instant action). The Wolfgang Puck Bar & Grill is located in Buena Vista which is within this district and is open to the public and as such is defined as "a restaurant, bar, or other establishment serving food or drink" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). The Wolfgang Puck Bar & Grill is referenced as "Wolfgang Puck Orlando restaurant," "restaurant," and "place of public accommodation."

---

[1] which is owned by Brownwood Hotel and Spa LLC and which is not the subject of this instant action

7.     As the owner and operator of the Wolfgang Puck Bar & Grill in Lake Buena Vista, Defendant DS Restaurant is defined as a "Public Accommodation" as defined within 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) because Defendant DS Restaurant is a private entity which owns and/or operates the Wolfgang Puck restaurant in Buena Vista Florida.

8.     Defendant Compass Group USA, Inc. is a Delaware corporation which is authorized to transact business in Florida. Defendant Compass Group USA, Inc. is also referenced as "Defendant Compass Group" or collectively with Defendant DS Restaurant as "Defendants." On information and belief, Compass Group USA, Inc. is a subsidiary of Compass Group plc, which is a British multinational food service company which is listed on the London stock exchange and is a member of the FTSE 100 Component. Compass Group USA, Inc. offers catering, dining and support service for foodservice events and also serves hotels, restaurants, education and other industrial sectors.

9.     On information and belief Defendant Compass Group is the owner and operator of the https://wolfgangpuck.com mobile website[2] which leads to a subdomain website, http://wolfgangpuck.com/dining/orlando-bar-grill/.   The website and the subdomain are the subjects of this action. Subsequent to the effective date of the ADA, Defendant Compass Group constructed, or caused to be

---

[2] See the Privacy Policy section of the mobile website

constructed, the https://wolfgangpuck.com mobile website (hereinafter "mobile website") for the general public to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to the Wolfgang Puck Orlando restaurant as well as all Wolfgang Puck brand restaurants. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each  Wolfgang Puck restaurant physical location, and specifically the Wolfgang Puck Orlando restaurant.

10.    The mobile website is offered by Defendants as a way for the public to become familiar with the Wolfgang Puck Orlando restaurant menu selections, hours of operation, the Wolfgang Puck Orlando restaurant location, provides a link to reserve a table for dining within Wolfgang Puck branded restaurants (specifically the Wolfgang Puck Orlando restaurant), allows the public to sign up for the Wolfgang Puck mailing list (to receive notices and special offers), and provides other information Defendants seek to communicate to the public. The mobile website also enables the public/patrons to purchase Wolfgang Puck brand cookware, branded coffee, wine and cookbooks and have that merchandise shipped to their homes. The public can also purchase gift cards for exclusive use in Wolfgang Puck restaurants and for the purchase of Wolfgang Puck merchandise through the mobile website and to check the balance of purchased gift cards through the mobile website.

The mobile website also permits the public inquire about catering from various locations including at the Wolfgang Puck Orlando restaurant. By the provision of menu selection, reservation services, the ability to inquire and book catering events, and the ability to purchase Wolfgang Puck merchandize and gift cards online, the mobile website is an integral part of the goods and services offered by Defendants on behalf of each Wolfgang Puck restaurant location, and specifically the Wolfgang Puck Orlando restaurant location. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[3], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

11.    As the owner of the https://wolfgangpuck.com mobile website Defendant Compass Group is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

12.    The https://wolfgangpuck.com mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendants have

---

[3] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice.  The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/.  The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

subjected themselves to the ADA because the mobile website is offered as a tool to promote, advertise and sell its products and services from each of the Wolfgang Puck restaurant locations and specifically from the Wolfgang Puck Orlando restaurant location. As a result, the mobile website must interact with the public and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[4]

13.    The mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

14.    Like the seeing community, Plaintiff would like the opportunity to be able to use the mobile website to comprehend the Wolfgang Puck Orlando restaurant menu selections and to test for the ability to make reservations, order merchandise and gift cards online, inquire about catering, and to sign up for the Wolfgang Puck newsletter. However, unless Defendants are required to eliminate the access barriers at issue and required to change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website and

---

[4] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

will be deterred from fully using that mobile website.

15.     Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

16.     Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to its mobile website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

17.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendants' discriminatory practices.

18.     Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

19.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants

pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20.     The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

21.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

22.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

23.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the

accessibility standards established by Part 36.

24.     The https://wolfgangpuck.com mobile website has been designed to integrate with Wolfgang Puck restaurants and specifically with the Wolfgang Puck Orlando location through the provision of a reservation service, the ability to inquire about catering online, and the provision of a store from which to purchase Wolfgang Puck signature merchandise and gift cards for use within Wolfgang Puck  branded restaurants. Therefore, the mobile website is an extension of each Wolfgang Puck restaurant and specifically the Wolfgang Puck Orlando. By and through the mobile website, Defendants extend the Wolfgang Puck Orlando restaurant into individual persons' homes and portable devices wherever located.

25.     The mobile website is a service, facility, privilege, advantage, benefit and accommodation of the Wolfgang Puck Orlando restaurant. As such, the mobile website is integrated with, and is a nexus to, the Wolfgang Puck Orlando restaurant which is located within this district. Therefore, it is governed by the following provisions:

        a.     U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b.      42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

c.      42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

d.      42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

e.      42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

f.      42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

g.      42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

h.      42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being

offered or would result in an undue burden[.]"

26.    Plaintiff attempted to access and test the mobile website, but was unable to do so. Plaintiff continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i.    Guideline 1.3.1 Info and Relationships is violated. The *Book a Table* button is announced as text so mobile VoiceOver screen reader software users are not aware that the *Book a Table* button is (actually) a button that they must press in order to make a reservation.

ii.   Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented in a meaningful order, and this is violated. After a mobile VoiceOver screen reader software user presses the *Event Inquiry* button, an overlay is displayed with two options, but neither option is announced to the mobile VoiceOver screen reader software user. Focus instead moved to elements not shown on the page. A mobile VoiceOver screen reader software user can swipe multiple times but will not hear that an overlay is present and none of the content in the overlay is announced.

iii.  Guideline 2.4.3 Focus order is violated. The site is required to provide focus in a logical order, and this has been violated. Mobile VoiceOver screen reader software users are not able to make a reservation. For example, when the contents of the second popup button are shown, focus moves to the underlying page and announces that content instead of moving to (and announcing) the contents in the popup. Mobile VoiceOver screen reader software users are not able to make a selection or proceed with the reservation because focus exits the popup entirely when the *Select a Restaurant* popup is displayed.

iv.   Guideline 2.4.4 Link purpose (in context) is violated and multiple hidden

elements are announced to mobile VoiceOver screen reader software users. For example, mobile VoiceOver screen reader software users hear "loc link" along with multiple other elements that are not shown. Focus continually moves to elements that are not visible though they are announced.

v.   Guideline 2.4.6 Headings and Labels is violated. The *main menu* icon is not labeled and mobile VoiceOver screen reader software users hear the main menu announcement as "slash visited link."

vi.  Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. Mobile VoiceOver screen reader software users are not able to sign up for the Wolfgang Puck mailing list. After a mobile VoiceOver screen reader software user presses the *Mailing List* button, an overlay is displayed, but focus remains on the underlying page and the mobile VoiceOver screen reader software user hears announced elements that are ere not shown in the overlay. A mobile VoiceOver screen reader software user can swipe twenty times, but focus will not move into the popup so the mobile VoiceOver screen reader software user cannot sign up for the mailing list.

27.   As the owner, operator, and/or beneficiary of the mobile website which serves as a gateway to the Wolfgang Puck Orlando restaurant, Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to make a reservation to dine within the Wolfgang Puck Orlando restaurant and to purchase Wolfgang Puck branded merchandise and gift cards online and have those purchases delivered to their homes.

28.   With respect to its mobile website, Defendants have violated the ADA by failing to interface the mobile website with VoiceOver screen reader software

utilized by visually impaired individuals (as specifically delineated within paragraph 26) either directly or through contractual, licensing or other arrangements. Defendants' violations have resulted in denying Plaintiff accommodation on the basis of her disability:

     a.    by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

     b.    in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

     c.    in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

     d.    by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

     e.    by failing to afford Plaintiff goods, services, facilities, privileges,

advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

f.      notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

g.      by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

h.      by a failure to take such steps as may be necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. §12182(b)(2)(iii)).

29.     Plaintiff is continuously aware of the violations within the

https://wolfgangpuck.com mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

30.     Plaintiff is well aware that the ADA requires effective communications. However, long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because she is disabled.  As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within the https://wolfgangpuck.com mobile website. By continuing to operate the mobile website with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendants deprive Plaintiff the equality of opportunity offered to the general public.

31.     Plaintiff has suffered (and will continue to suffer) direct and indirect

injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA and conform its mobile website to WCAG 2.1 Level A and AA Guidelines.

32.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to the https://wolfgangpuck.com mobile website. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendants when she visits the mobile website to test for compliance with the ADA. Plaintiff desires to access the mobile website to assure herself that the mobile website is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the mobile website without fear of discrimination.

33.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief as requested herein.

34.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants to alter the https://wolfgangpuck.com mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant DS Restaurant Associates LLC and Defendant Compass Group USA, Inc. and requests the following injunctive and declaratory relief:

a.   The Court issue a Declaratory Judgment that determines that the https://wolfgangpuck.com mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.;

b.   The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain the mobile website to ensure that it is readily accessible to and usable by persons with vision impairment;

c.   The Court issue an Order directing Defendants to alter the mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d.   The Court issue an Order directing Defendants provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the https://wolfgangpuck.com mobile website in order to comprehend Wolfgang Puck restaurant menu selections, inquiring and booking private events online, ordering/paying for Wolfgang Puck merchandise and gift cards online, for making reservations online to dine within the Wolfgang Puck

Orlando restaurant, and for signing up for the Wolfgang Puck newsletter, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through the mobile website.

e.    The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f.    The Court enter an Order directing Defendants to continually update and maintain the mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g.    The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.    The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 20, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*